UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CYNTHIA STROBEL, *individually, and* <br> *as mother and next friend of ZS*, <br><br> Plaintiffs, <br><br> v. <br><br> SLH TRANSPORT, INC. and <br> JOHN L. MCDONALD, <br><br> Defendants. | No.: 3:09-CV-403 <br> (VARLAN/SHIRLEY) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant SLH Transport, Inc.'s ("SLH Transport") Motion to Dismiss Claim of Direct Liability [Doc. 9], in which defendant SLH Transport requests dismissal of plaintiffs' claim of direct liability against it for failure to state a claim upon which relief can be granted. Plaintiffs have filed a response in opposition to this motion [Doc. 11]. Defendant SLH Transport has filed a reply to the response [Doc. 13].

This matter is now ripe for the Court's consideration.

**I.  Background**

Plaintiffs filed the complaint in this case on September 11, 2009 [Doc. 1]. In that complaint, plaintiffs allege as follows: plaintiff Cynthia Strobel is an adult citizen and resident of Wisconsin [*Id.*, ¶ 3]. Mrs. Strobel and Mark Strobel are the parents of ZS, the minor plaintiff in this case [*Id.*]. SLH Transport is a Canadian corporation [*Id.*, ¶ 4]. SLH Transport was the owner/lessor of the 1999 International semi-tractor/trailer involved in this

case (the "tractor/trailer") [*Id.*]. Defendant John L. McDonald, an adult citizen and resident of Canada, is an agent/employee of SLH Transport [*Id.*, ¶ 5].

On September 24, 2008, at approximately 1:00 p.m., Mr. McDonald was operating the tractor/trailer northbound on Interstate 75 in Campbell County, Tennessee [*Id.*, ¶ 8]. Mr. McDonald was driving in the right lane of the interstate at approximately fifteen miles per hour [*Id.*]. Mr. McDonald had not activated the tractor/trailer's flashing hazard lights [*Id.*, ¶ 11]. Mr. Strobel came upon the tractor-trailer from behind [*Id.*, ¶ 8]. Mr. Strobel's vehicle collided with the rear and left side of the tractor/trailer [*Id.*]. Mrs. Strobel and ZS, who were belted passengers in Mr. Strobel's vehicle, sustained severe personal injuries as a result of the collision [*Id.*, ¶ 9].

On the basis of these allegations, plaintiffs raise several claims against defendants: (1) a negligence claim against Mr. McDonald; (2) a negligence claim against SLH Transport under the doctrine of respondeat superior; and (3) a negligence claim asserted against SLH Transport directly [*Id.*, ¶¶ 13-18]. Mrs. Strobel seeks compensatory damages in the amount of $10,000,000.00 for herself, and in the amount of $500,000.00 for ZS [Doc. 1].

The Court has carefully considered the motion to dismiss the claim of direct liability, the response, and the reply, in light of the underlying pleadings and the applicable law. For the reasons that follow, the motion to dismiss will be granted.

## II.  Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1937.

## III. Analysis

SLH Transport argues that this Court should dismiss plaintiffs' claim of direct liability against it because plaintiffs' complaint is "completely devoid of any factual allegations that could support a claim for the independent negligence of SLH" Transport [Doc. 9]. In response, plaintiffs argue that the motion to dismiss (1) is properly characterized as a motion to strike, and that there is "no authority for the proposition that [a] Rule 12(b)(6) motion can be used to strike particular words or language from a claim that the defendant apparently

3

acknowledges is otherwise valid and will be litigated on the merits"; (2) is "premature," and "should be held in abeyance pending discovery in this case"; and (3) may also be denied on its merits because plaintiffs' complaint does set forth allegations that would enable recovery from SLH Transport on a direct negligence theory [Doc. 11]. In the alternative, and in the event that this Court is inclined to grant SLH Transport's motion, plaintiffs request leave to replead their allegations of direct negligence against SLH Transport because Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires" [*Id.*].

The Court agrees with SLH Transport. As explained in the Court's discussion of the standard of review set forth *supra* Part II, a complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some viable legal theory*" to survive a motion to dismiss. *Scheid*, 859 F.2d at 436-37 (quoting *Car Carriers, Inc.*, 745 F.2d at 1106). And it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950.

Plaintiffs' claim of direct liability against SLH Transport consists, in its entirety, of the following allegation:

4

> SLH [Transport] is . . . independently negligent and . . . such independent negligence is a proximate cause of the collisions referenced herein and the injuries and damages sustained by the plaintiffs and [is] therefore liable to the plaintiffs depending on the proof developed prior to or at trial.

[Doc. 1, ¶ 18]. This is a legal conclusion that, by its own terms, requires the development of additional proof to support a plausible claim for relief. Under *Iqbal*, it cannot survive a motion to dismiss.

The Court is not persuaded by plaintiffs' arguments to the contrary. Plaintiffs first contend that a Rule 12(b)(6) motion is an inappropriate vehicle for striking language from a claim that the defendant "apparently acknowledges is otherwise valid and will be litigated on the merits" [Doc. 11]. There is no indication that SLH Transport has acknowledged plaintiffs' claim to be valid in any respect. Indeed, defendants' answer to the complaint "den[ies] that [p]laintiffs are entitled to the relief requested in their prayer for relief or to any other relief from these [d]efendants" [Doc. 8, ¶ 19]. And the Court has no difficulty granting a dismissal for failure to state a claim upon which relief can be granted when the complaint fails in precisely that way, as explained above.

Next, plaintiffs contend that the motion to dismiss is premature, and that it should be held in abeyance pending discovery in this case. This argument is misplaced. As the Sixth Circuit has recognized, the "very purpose of Fed. R. Civ. P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). Finally, plaintiffs contend that

the motion to dismiss may be denied on its merits because plaintiffs' complaint sets forth allegations that would enable recovery from SLH Transport on a direct negligence theory. Again, and as explained *supra*, plaintiffs' complaint does not set forth allegations enabling recovery from SLH Transport on a direct negligence theory. Dismissal of plaintiffs' claim of direct liability against SLH Transport is appropriate for these reasons.

As noted, plaintiffs request that, in the event that this Court is inclined to grant SLH Transport's motion to dismiss, plaintiffs be given leave under Federal Rule of Civil Procedure 15(a)(2) to replead their independent negligence allegations against SLH Transport. Rule 15(a)(2) provides that a "party may amend its pleading . . . with the . . . court's leave," and that the "court should freely give leave when justice so requires." Plaintiffs contend that justice requires such an amendment in this case because "there are a host of different sets of scenarios that would clearly support the allegations of independent negligence against SLH" [Doc. 11].[1]

Plaintiffs' argument misses the mark. As SLH Transport correctly explains, "[w]hile such scenarios generally speaking are not outside the realm of possibility in any case arising out of a truck accident," plaintiffs have offered no evidence that they "are aware of . . . facts

---

[1] Plaintiffs suggest that discovery in this case may uncover "evidence of SLH [Transport's] negligent hiring, training, or supervision that was causal of the September 24, 2008 accident"; "evidence that SLH [Transport] was not regulating the number of hours that its drivers, including defendant McDonald, were driving that was causal of the accident"; "evidence that there was something wrong with the truck owned by SLH [Transport] that caused it to operate extremely slowly at the time the Strobel vehicle approached that was causal of the accident"; or "evidence that SLH [Transport] knew that defendant McDonald had a recognized health or other problem that materially affected his ability to drive a semi-tractor trailer that was causal of the accident" [Doc. 11].

6

to establish that such scenarios are plausible *in this case*" [Doc. 13]. Because plaintiffs have identified only hypothetical scenarios, the reproduction of which in an amended complaint would no more entitle them to relief than the allegations in their existing complaint, they are not entitled to amendment under Rule 15(a)(2). *See Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 729 (6th Cir. 2009) (holding that a district court can exercise its discretion to deny a motion for leave to amend where amendment would be futile).

**IV. Conclusion**

For the reasons above, defendant SLH Transport's Motion to Dismiss Claim of Direct Liability [Doc. 9] is **GRANTED**. The claim of direct liability against SLH Transport is **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE