UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CYNTHIA STROBEL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:09-CV-403 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| SLH TRANSPORT, INC., *et al.,* ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Docs. 29 and 35] referring Plaintiffs' Motion to Extend the Time for Filing a Motion for Daubert Hearing [Doc. 25] and the parties' Joint Motion for Continuance [Doc. 33], to the undersigned for disposition. The parties appeared before the Court, via telephone, on July 2, 2012, to address these motions. Attorneys Mark Thomsen and Wayne Ritchie were present representing the Plaintiffs, and Attorney Gary Edwards was present representing the Defendants.

In their Motion to Extend the Time for Filing a Motion for Daubert Hearing, the Plaintiffs request that they be given up to and including July 15, 2012, in which to file any Daubert motions. This case is set to proceed to trial on August 20, 2012, [Doc. 23], and pursuant to the Scheduling Order [Doc. 15], any Daubert motions were due ninety days prior to trial – *i.e.* on or before approximately May 22, 2012. In support of the requested extension, the Plaintiffs submit that the deposition of Brian K. Anders has been reset numerous times, for various reasons, and is currently scheduled to take place July 3, 2012. The Plaintiffs argue that they *may* want to file a Daubert motion challenging the scientific basis of Mr. Anders's testimony regarding the

automobile accident at issue in this case. The Defendants have filed a Response in Opposition to Plaintiff's Motion to Extend the Time for Filing a Motion for a <u>Daubert</u> Hearing [Doc. 28].

At the hearing, the Court asked the Plaintiffs to identify particular bases for challenging Mr. Anders's testimony, and the Plaintiffs were not able to identify the grounds for such challenges at that time. The Court discussed the alleged necessity of the Plaintiffs filing the proposed <u>Daubert</u> challenge with the parties at length, but the Court ultimately determined that the Plaintiffs do not have any particular basis on which they intend to challenge Mr. Anders. They simply wish to reserve the option of challenging this testimony. The Court finds that the time for either reserving the option to challenge expert testimony or actually challenging expert testimony under <u>Daubert</u> has elapsed, and the Court finds the Plaintiffs have not demonstrated good cause for extending this deadline.

As stated in the Scheduling Order, the schedule in this case "will not change except for good cause." [Doc. 15 at 1 (emphasis removed)]. The undersigned finds that the Plaintiffs have not demonstrated good cause for changing the schedule outline by the Court – specifically with reference to the deadline for <u>Daubert</u> challenges – and therefore, the Plaintiffs' Motion to Extend the Time for Filing a Motion for <u>Daubert</u> Hearing **[Doc. 25]** will be **DENIED**.

The parties have also filed a Joint Motion for Continuance [Doc. 33], in which they move the Court to continue the trial in this case to early 2013. In support of this request, the parties rely most heavily on the position that Plaintiff Cindy Strobel's wrist condition continues to evolve and she may elect to undertake an additional surgery to increase range of motion in the Fall of 2013. At the hearing, the Court noted to the parties that evolving medical conditions and continuing treatment are not unusual features of personal injury cases. Often, a Court cannot await finality of medical treatment without risking the case never being brought to trial.
2

Nonetheless, the Court was amenable to discussing a concrete alternative schedule for preparing this matter for trial at the hearing. Neither party was able to describe a concrete, or even likely, schedule for this matter proceeding to trial. The Court's own calculations of the best-case scenario for a trial date, *if* the Court awaited completion of the proposed surgery, yielded a trial date in mid-2014 to early 2015, which is simply too long to expect the parties and Court to wait for disposition of this matter, see Fed. R. Civ. P. 1. Moreover, the record before the Court establishes that the surgery for which the Plaintiffs would have the Court delay the trial in this matter has not yet been prescribed, let alone scheduled, by the Plaintiff's treating physician. [Doc. 33-1 at 16].

This case, which presents claims relating to a four-year-old motor-vehicle accident, has been pending before the Court for almost three years. Based upon the record in this case and the parties' presentations, the Court finds that good cause for further delaying the trial of this matter has not been demonstrated. Accordingly, the Court will **DENY** the Joint Motion for Continuance **[Doc. 33].**

In sum, the Joint Motion for Continuance **[Doc. 33]** is **DENIED**, and the Plaintiffs' Motion to Extend the Time for Filing a Motion for Daubert Hearing **[Doc. 25]** is **DENIED**. This matter will proceed to trial at **9:00 a.m., on August 20, 2012**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3

Case 3:09-cv-00403   Document 36   Filed 07/02/12   Page 3 of 3   PageID #: 368